AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>BRIAN JAMES BENNETT, JR.<br>*Defendant(s)* | )<br>)<br>) Case No. 2:19-mj-733<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **September 17, 2019** in the county of **Franklin** in the **Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) & (b)(1)(B)(viii) | knowingly and intentionally distributed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance |
| 21 U.S.C. 841(a)(1) & (b)(1)(B)(viii) | knowingly and intentionally possessed with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher Cadogan, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Sept 18, 2019

_____
*Judge's signature*

City and state: Columbus, Ohio

Kimberly A. Jolson, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Christopher Cadogan, having been duly sworn, state the following:

## INTRODUCTION

1. Your Affiant is a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately twenty-two years. I am currently assigned to Group Two of the DEA's Columbus, Ohio District Office. This group is currently comprised of narcotics investigators from the DEA, the Columbus Police Department, the Franklin County Sheriff's Office, the Upper Arlington Police Department, and the Ohio State Highway Patrol (OSP). Group Two was designed, in part, to target individuals and groups involved in the manufacture and distribution of methamphetamine in Franklin County, Ohio. Prior to being employed by the DEA, I was employed for approximately two and one-half years as a United States Border Patrol Agent. As a Border Patrol Agent I was cross-designated to make federal arrests of individuals in violation of Title 21 of the United States Code. For more than twenty-four years, I have had the authority to make federal drug arrests.

2. As a DEA Special Agent, Your Affiant has participated in hundreds of narcotics investigations involving various types of controlled substances. I have received substantive advanced training pertaining to the investigation of various crimes which arise from narcotics trafficking, including money laundering, the use of interstate transportation in the furtherance of narcotics trafficking, the use of the United States Postal Service facilities in furtherance of narcotics trafficking, and the use of telecommunications facilities in the furtherance of narcotics trafficking. I have participated in investigations involving the purchase of controlled substances from suspected narcotics traffickers using both undercover narcotics investigators and confidential sources. I have participated in the drafting and execution of search warrants for narcotics, the proceeds from the sale of narcotics, documentary evidence of narcotics trafficking, and for the telecommunications devices used by narcotics traffickers. I have conducted surveillances in connection with narcotics investigations. I have authored five affidavits supporting federal wire and electronic intercepts of known and suspected narcotics traffickers.

3. Through the course of these investigations, I have personally interviewed confidential sources and other persons involved in the distribution of illegal narcotics. I have also interviewed persons arrested for the distribution of illegal narcotics. I have spoken with more experienced narcotics investigators with whom I have worked concerning the practices of narcotics traffickers and the best investigative methods to use when conducting investigations of narcotics trafficking organizations. Through the course of my investigations and through my conversations with more experienced narcotics investigators, I have become familiar with the methods and means utilized by persons who participate in the illegal distribution of controlled substances.

1

## PURPOSE OF AFFIDAVIT

4. This affidavit is made in support of an application for a federal arrest warrant and complaint against:

    a. **Lauren Julia MANN** and **Brian James BENNETT, Jr.** for one count of knowingly and intentionally distributing 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance in violation of Title 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B)(viii), and one count of knowingly and intentionally possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance in violation of Title 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B)(viii);

    b. **Jharen PAGE** for two counts of knowingly and intentionally distributing 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance in violation of Title 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B)(viii).

    My knowledge of this investigation is based upon my own personal observations, as well as the observation and investigation conducted by other law enforcement officers knowledgeable of the facts and circumstances involved in the subject investigation. I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause to believe that MANN, BENNETT and PAGE, have committed violations of Title 21, U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii).

## SUMMARY OF PROBABLE CAUSE

5. On or about July 24, 2019, Your Affiant telephonically debriefed a DEA confidential source, hereafter referred to as the CS-1, concerning a mid-level, poly-drug trafficker known as "Lauren". According to CS-1, Lauren distributes multi-ounce quantities of heroin, fentanyl, cocaine, and methamphetamine in the Columbus, Ohio area. CS-1 has, in the past, provided information to the DEA which was later corroborated through independent investigation. CS-1 is considered reliable.

6. According to CS-1, Lauren utilizes cellular telephone (614) 649-5128 to facilitate her drug trafficking operation. In addition, CS-1 advised Your Affiant that "Lauren" would be willing to sell multi-ounce quantities of methamphetamine to CS-1 or one of CS-1's associates.

7. Subsequent investigation identified Lauren as Lauren Julia MANN ("MANN"). A computer records check revealed that MANN was previously arrested in Franklin County, Ohio for receiving stolen property.

8. At the direction of the DEA, in early August 2019, CS-1 made arrangements with MANN to introduce an associate, in actuality an undercover narcotics agent ("UA") to MANN for the purpose of purchasing methamphetamine. On August 20, 2019 and September 3, 2019, MANN obtained methamphetamine from Jharen PAGE ("PAGE") and sold those drugs to the UA in the Columbus, Ohio area.

9. On September 16, 2019, U.S. Magistrate Judge Kimberly A. Jolson signed and authorized arrest warrants for MANN and PAGE for one count of conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846. Your Affiant authored the criminal complaint written in support of these warrants.

10. At the direction of the DEA, in early September of 2019, CS-1 made arrangements with MANN for the UA to purchase eight (8) ounces of methamphetamine from MANN for $2,400.00.

11. On September 17, 2019, at approximately 9:30 a.m., surveillance was established at 1947 Fairmont Avenue (the residence of MANN) in anticipation of PAGE arriving and supplying the requested eight (8) ounces of methamphetamine.

12. At approximately 10:15 a.m., surveillance observed PAGE arrive in a black Mitsubishi Outlander Sport bearing Georgia license plate CHT9264. At approximately the same time, surveillance observed MANN walk from the house to the Outlander Sport with a drawstring bag on her back and then get into the front passenger seat of the vehicle. Surveillance subsequently observed MANN get out of the Outlander Sport and walk back to the house with the drawstring bag in her hand. MANN's actions are consistent with her earlier purchases of methamphetamine from PAGE. According to DEA Task Force Officer ("TFO") Brian Daron, after exiting the Outlander Sport, the drawstring carried by MANN appeared to have something inside.

13. At approximately 12:41 p.m., surveillance observed MANN and a white male who was subsequently identified as Brian James BENNETT, Jr. ("BENNETT"), exit the house on Fairmont Avenue and depart the area in a black Dodge Avenger bearing Ohio temporary license plate J744971.

14. At approximately 1:05 p.m., surveillance observed MANN and BENNETT arrive at the pre-designated meet location, the Taco Bell restaurant parking lot located at 1557 West Broad Street in Columbus, Ohio. Surveillance subsequently observed MANN get out of the front passenger seat of the Avenger and walk over to the UA's vehicle. MANN subsequently got into the rear passenger seat on the driver side. Surveillance then observed BENNETT walk over to the front passenger window of the UA's vehicle and hand CS-1 a drawstring bag. According to the UA, this drawstring bag contained the methamphetamine that the UA purchased from MANN for $2,400.00.

15. At approximately 1:12 p.m., surveillance observed MANN and BENNETT arrive back at 1947 Fairmont Avenue after selling the methamphetamine to the UA. At approximately 1:50 p.m., surveillance observed PAGE arrive at 1947 Fairmont Avenue. At this time,

surveillance observed MANN again exit the house and walk over to the Mitsubishi Outlander Sport driven by PAGE. The UA contacted MANN and requested another nine (9) ounces of methamphetamine for $2,700.00. MANN advised the UA that her source (PAGE) needed to go pick it up first. As a result, constant surveillance was maintained on PAGE after he left MANN's residence in order to locate his suspected drug stash.

16. During the subsequent surveillance, PAGE stopped at 1229 Aberdeen Avenue and picked up an as yet unidentified black male who closely resembled the unidentified black male who had been observed with PAGE at the methamphetamine transaction on September 3, 2019. At approximately 5:00 p.m., MANN advised the UA that PAGE had the requested methamphetamine and was heading to the Central Point Shopping Center located at 699 Harrisburg Pike, Columbus, Ohio. The UA had made arrangements with MANN to meet MANN, BENNETT, and PAGE at the shopping center and purchase the requested methamphetamine.

17. At approximately 5:30 p.m., investigators observed PAGE arrive in the shopping center parking lot and pull in behind the Dodge Avenger driven by MANN. Investigators observed PAGE get out of the Outlander Sport and walk over to the Avenger. PAGE subsequently got into the front passenger seat of the Avenger. At this time, investigators moved in to arrest. At the time of the arrest, MANN was in the driver seat of the Avenger, PAGE was in the front passenger seat of the Avenger, and BENNETT was in the rear passenger seat, on the driver side. According to TFO Mason, as he pulled BENNETT from the vehicle, he heard something heavy hit the floor. TFO Mason subsequently recovered a loaded Iver Johnson Arms .32 caliber revolver from the floor in front of where BENNETT had been seated. The black male from Aberdeen Avenue had jumped into the driver seat of the Outlander Sport from the front passenger seat as investigators converged on the vehicle. A review of surveillance photos taken by TFO Mason on September 3, 2019, positively identified the individual as the same ndividual observed by surveillance on September 3, 2019.

18. Investigators subsequently conducted presumptive field tests from samples taken from the methamphetamine that was purchased and seized on September 17, 2019. The samples subsequently tested positive for the presence of methamphetamine. The quantity from the first sale and the quantity seized at the time of arrest each exceeded 50 grams of methamphetamine.

19. In addition, an examination of the U.S. currency found in PAGE's possession at the time of his arrest revealed that PAGE was in possession of $1,300.00 of the buy money utilized by the UA to purchase the methamphetamine that PAGE delivered to MANN on September 17, 2019. The money was photographed and the serial numbers recorded prior to making the purchase on September 17, 2019. MANN was found to be in possession of $900.00 of buy money at the time of her arrest. In all, investigators recovered $2,200.00 of the $2,400.00 utilized by the UA to purchase methamphetamine on September 17, 2019.

## CONCLUSION

20. Based upon the information presented in this affidavit, there is probable cause to believe that on or about September 17, 2019, in the Southern District of Ohio, Lauren Julia MANN and Brian James BENNETT, Jr. knowingly and intentionally distributed a controlled substance, to wit: 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). There is also probable cause to believe that on or about September 17, 2019, in the Southern District of Ohio, Lauren Julia MANN and Brian James BENNETT, Jr. knowingly and intentionally possessed with intent to distribute a controlled substance, to wit: 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, U.S.C. § 846.

22. Based upon the information presented in this affidavit, there is probable cause to believe that on or about September 17, 2019, on two separate occasions, in the Southern District of Ohio, Jharen PAGE knowingly and intentionally distributed a controlled substance, to wit: 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii).

_____
Christopher Cadogan, Special Agent
Drug Enforcement Administration

SUBSCRIBED and SWORN to before me this 16th day of September, 2019.

_____
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

5